Syllabus.

J. T. HARDIE ET AL. *v.* M. BULGER ET AL.

66   577<br>
{88  301

1. CHANCERY PLEADING. *Amendment to bill. Different state of facts.*
   A different state of facts from those averred in the original bill may be set
   up by way of amendment, if the character of the relief sought remains
   the same, and this, notwithstanding the averments in the amendment are
   inconsistent with those of the original bill; provided they are not incon-
   sistent with its purpose and the relief originally sought.

2. SAME. *Bill to cancel mortgage. Amendment.*
   To a bill seeking cancellation of a mortgage for certain alleged reasons, an
   amendment will be permitted which sets up other and even inconsistent
   reasons upon which the same relief is prayed.

3. DEMURRER TO AMENDMENT. *Evidence taken prior to amendment not considered.*
   In passing upon a demurrer to an amendment to a bill, the evidence taken
   on the issues previously joined on the original bill cannot be considered.
   The court should look only to the original bill and the amendment.

4. MULTIFARIOUSNESS. *Multiplicity of suits. General rule.*
   Multifariousness cannot be determined according to any clearly defined rule.
   But it may generally be said that on the one hand distinct and discon-
   nected matters should not be combined in one suit to the vexation and de-
   lay of defendants, while, on the other hand, a multiplicity of suits should
   be avoided where the general objects of the bill may be advanced by com-
   bining the subjects of controversy, if there is a common duty in the de-
   fendants, and a common interest in the complainants.

5. SAME. *Single suit to cancel distinct conveyances. Case in judgment.*
   Complainants who are interested as stockholders or otherwise in corporate
   property, may join in a single suit as parties defendant the grantees in
   distinct conveyances of the said property, which they seek by said suit to
   cancel because made under an invalid resolution of the directors.

6. DEMURRER TO AMENDMENT AFTER ANSWER TO ORIGINAL BILL.
   A defendant cannot demur to an amendment to a bill for reasons that relate
   to matters which are also set out in the original bill, upon which he has
   joined issue by his answer on file.

FROM the chancery court of Harrison county.

HON. SYLVANUS EVANS, Chancellor.

The facts appear in the opinion.

*T. S. Ford, I. P. Hornor,* and *Elliott Henderson,* for appellants.

66 MISS.—37.

1. The amendment to the bill was repugnant to the former pleadings and not only changes the character of the suit but makes a new one. The original case, as set down for final hearing, involved the validity of the first trust-deed and bonds alone. The amendment presents the issue of the validity also of a second series of bonds and the trust-deed to secure them. No action was being taken or threatened on the second trust-deed. No breach of its condition had occurred. The beneficiaries in it were passive and did not propose any action relative to it. Appellees were aware of its existence when the original bill was filed, yet they did not enjoin as to that. So the amendment introduces a new case, different from that stated in the original and first amended bills. This cannot be done. *Brown* v. *Bank*, 31 Miss. 454; *Wright* v. *Franks*, 61 Ib. 32; *Clark* v. *Hull*, 31 Ib. 520; *Miazza* v. *Yerger*, 53 Ib. 135; Story's Eq. Pl., §§ 885 and 886.

2. The amended bill is multifarious. It seeks relief on different grounds against parties between whom there is no privity. *Boyd* v. *Swing*, 38 Miss. 182. Complainants do not assert a common right against persons having a community of interest in all or any of the subject-matter. *Roberts* v. *Starke*, 45 Miss. 257; *McNeal* v. *Burton*, 1 How. 510. Complainants, as existing creditors, may have a right to attack the second deed of trust, which would not exist as to the first, they not being creditors at the time of its execution. It is multifarious because, as creditors, appellees are not estopped from attacking either trust-deed because of having participated in the proceeds thereof, while as stockholders they would be estopped by such participation.

The matters united in one bill by this amendments are distinct and unconnected equities against different defendants. *Columbus Ins. Co.* v. *Humphries*, 64 Miss. 258.

3. The president of the company was authorized to negotiate these loans and borrow the money. He had charge of the business of the company, with knowledge of its directors and members. It is not necessary for us to show a vote or other corporate act authorizing him to act. The company ratified his acts by accepting and using the money. *Bank of U. S.* v. *Dandridge*, 12 Wheat.

79 ; *Burgess* v. *Pue,* 2 Gill. 254 ; *McCullough* v. *R. R. Co.,* 4 Gill.
58 ; *Topping* v. *Bickford,* 4 Allen 120 ; Angell & Ames on Corp.
103.    It does not make any difference that the bonds were bought
by the corporate officers.    *Man. Co.* v. *Bradley,* 15 Otto 175 and
183 ; *Hotel Co.* v. *Wade,* 7 Otto 13.

4. Neither creditors nor stockholders are real owners of the
estate of a corporation so as to maintain an action to remove clouds
from title.    Code 1880, § 1883.

Upon the points presented by this brief counsel submitted the
following authorities, not cited above : Cook on Stock and Stock-
holders 675 ; *Pullan* v. *R. R. Co.,* 44 Biss. 35 ; Story Eq. Jur.,
§ 1539 ; *Zabrinski* v. *R. R. Co.,* 23 How. 381 ; *Merchants' Bank*
v. *State Bank,* 10 Wall. 645 ; *Union Mining Co.* v. *Bank,* 2 Col.
Ter. 248 ; *Taylor* v. *R. R. Co.,* 4 Woods (U. S.) 575.

*J. S. Hamm,* for appellees.

1. It will hardly be questioned that the complainants could have
embraced both the deeds of trust in their first bill ; and, if that be
conceded, then why cannot they enlarge the inquiry proposed by the
bill as to the first deed of trust, by embracing by way of amend-
ment the second deed of trust ?   The law abhors a multiplicity of
suits.

The main object of the bill by complainants is to reach and sub-
ject certain property of the Mexican Gulf Hotel Co.    To do this
properly they find it necessary to remove certain obstacles that lie
in the way.    These are the two deeds of trust described in the
original bill and the amendment.    Complainants, during the pro-
gress of the suit, ascertain the existence of the second trust-deed,
which embraces apparently the same property, and they seek to
amend by including both trust-deeds in one suit as objects of attack.

The allowance of the amendment was a matter of discretion, to
be used to promote justice.    *Tanner* v. *Hicks,* 4 S. & M. 294 ;
*Truly* v. *Lane,* 7 Ib. 332 ; *Pass* v. *McRae,* 36 Miss. 147 ; *Hardin*
v. *Boyd,* 113 U. S. 756 ; *Neale* v. *Neale,* 9 Wall. 1.

2. The main objects and purposes of the bill and the amend-
ments are the same.    *Ingraham* v. *Foote,* 31 Ala. 123 ; *Larkins* v.
*Biddle,* 21 Ib. 252.

3. The amended bill is not multifarious. It is not necessary that all the defendants should have an interest in all the matters involved in a suit. It will be sufficient if each party has an interest in some matters in the suit, and they are connected with each other. Story Eq. Pl., § 271; *Waller* v. *Shannon*, 53 Miss. 500; *Taylor* v. *Smith*, 54 Miss. 500; *Brown* v. *Brinkerhoff*, 7 Johns. 154; 64 Miss. 711; *Barry* v. *Barry*, 64 Ib. 263.

4. Complainants, as stockholders, had the right to file this bill. It is not merely a bill to remove clouds, but a bill to enjoin and cancel two void deeds of trust. As stockholders they had the right to protect the corporate property.

*J. J. Curtis*, on the same side.

1. The amendment to the bill did not change the nature of the suit, the parties to it or their interests. The relief sought remained the same, viz., the cancellation of incumbrances on the corporate property. New matter in support of the same relief against the same parties was introduced by way of amendment, to avoid multiplicity of suits. *Candler* v. *Pettit*, 1 Paige 628; *Stafford* v. *Howard*, Ib. 201; *Greenleaf* v. *Queen*, 1 Pet. 148; Daniels Ch. Pr., vol. 2, 15 and 16.

2. The amended bill is not multifarious. We need only cite authorities of our own court. *McGowan* v. *McGowan*, 46 Miss. 553; *Waller* v. *Shannon*, 53 Miss. 500. No definite rule can be relied on to determine multifariousness. But, under the rules usually applied, the objection does not lie to this amended bill. Every defendant has an interest in some matters embraced in the suit, and these matters are connected, and also connected with the relief sought.

COOPER, J., delivered the opinion of the court.

The demurrer of the appellant to the amendment was properly overruled. Appellant is trustee in a deed executed by the hotel company, to secure the payment of a series of bonds, some of which are owned by the appellant, and some by Howard, who was one of the directors when the resolution of the board of directors was passed authorizing the execution of the mortgage and the sale of the

bonds thereby secured. The original bill assailed the validity of the mortgage (or deed of trust), and the good faith of the directors and holders of the bonds in reference to their issuance and sale. This bill, after it was once amended, was answered by the defendants, and testimony was taken upon the issues thus presented. In the course of this investigation, facts were disclosed showing that the company had not been legally organized under its charter at the time of the election of the board of directors, by which the mortgage was authorized to be made, and thereupon the complainants obtained leave to exhibit an amendment attacking the validity of the mortgage, upon the ground that the board of directors so elected had no power to authorize the mortgage to be made. To so much of the amendment as sought relief on this ground, objection was made by the demurrer that the amendment changed the nature and character of the bill, and, further, that complainants were estopped to allege the irregularity of the organization of the company without offering to refund the price received for the bonds.

Neither position is maintainable. The object and purpose of the original bill was to vacate the mortgage for certain reasons therein stated. On this bill an issue of fact was made, and is yet pending and undetermined. The amendment sets up another and a different state of facts, upon which relief of the same character is sought. The new facts may be inconsistent with the facts stated in the original bill, but they are not inconsistent with the general purpose of the original bill, nor with the relief originally sought. They are facts which might have been consistently averred in the original bill, since they are only inconsistent with the collateral or incidental fact therein stated of the proper organization of the company under its charter.

The objection that the complainants are estopped to deny the validity of the organization of the company depends upon circumstances. They may be estopped as to Hardie, as owner of a portion of the bonds, and not as to him as trustee in the deed for the benefit of Howard, one of the directors and holder of other of the same series of bonds. The rights of Hardie, a stranger to the company, dealing with it as legally organized, and purchasing its bonds in

good faith, would be determinable by different rules and principles
than those which would apply to Howard, one of the incorporators
and directors chargeable with notice of the irregular organization.

Whether complainants are estopped to deny the validity of the
mortgage and bonds as to Hardie because of his good faith in buy-
ing them, and are also estopped as against Howard because of
their acquiescence and participation, are questions upon which we
express no opinion. We cannot look to the testimony taken on
the issue joined on the original bill in determining the validity of
the cause of demurrer under consideration.

Since Hardie, as trustee, stands as the representative of himself
as an individual and also of Howard, holder of some of the mort-
gage bonds, and since Howard is also the owner of some of the
bonds secured by the second deed of trust, it was competent for
complainants, who claim to be interested as stockholders in the
property covered by the two mortgages to proceed in one suit for
the cancellation of both incumbrances. When a bill is or is not
multifarious is difficult of determination. Indeed the decisions
upon the subject are so inharmonious that no rule upon the subject
can be said to be clearly announced. The rule, if there be a rule,
is that the court will on the one hand refuse to permit distinct and
disconnected matters to be combined in one suit to the vexation
and delay of defendants, and on the other will avoid the necessity
of a multiplicity of suits, if the general objects of the bill may be
advanced by combining the subjects of controversy; provided there
be a common duty in the defendants (not necessarily coextensive
with complainant's right), and a common interest in the complain-
ants. Story's Eq. Pl., §§ 530, 539.

The complainants claim as stockholders in the hotel company
against distinct conveyances of the corporate property made under
what they claim to be invalid resolutions of its directors. There
seems to us to be a close analogy in this to cases in which creditors
of a fraudulent grantor proceed against his grantees holding under
distinct conveyances; and it is well settled in this state that such
defendants may be joined in one suit. *Waller* v. *Shannon*, 53 Miss.
500. See also *Butler* v. *Spann*, 27 Ib. 234; *Delafield* v. *Anderson*,

7 S. & M. 630; *Gaines* v. *Chew,* 2 How. (U. S.) 602; *McGowan* v. *McGowan,* 48 Miss. 553.

The other causes of demurrer assigned might be disposed of upon the rule that where the demurrer is to the whole bill and is bad as to any part thereof, it should be overruled.  But there is another reason why appellant cannot now object by demurrer to the relief sought by complainants against the directors of the hotel company, which is that he has answered instead of demurring to the original bill in relation to such matters.

*The decree is therefore affirmed and cause remanded, with leave to appellants to answer within sixty days after the mandate shall have been filed in the court below.*