FRANKLIN FIRE INS. CO. OF PHILADELPHIA, PA., *v.* FRANKS.*

(Division B. Jan. 31, 1927.)

[111 So. 135. No. 26233.]

1. INSURANCE. *Insurer held estopped, where insured relied on oral unperformed agreement of insurer's agent, with authority to indorse policy to cover goods at new location.*

Though, by provision of fire policy, agreement that it should cover insured goods at any new location to which they might be moved was required to be indorsed on policy, insurer was estopped to claim policy did not cover them at new location, where its agent, with authority to act in the premises, agreed to make the indorsement, and insured acted and relied on such agreement, which was not kept.

2. EQUITY. *No departure arises from amendment setting up state of facts different from bill, if character of relief sought remains same.*

Though amendment sets up a state of facts different from and inconsistent with facts averred in original bill, there is no departure, so long as they are not inconsistent with its purpose, and the relief sought remains the same.

___

*Corpus Juris-Cyc. References: Equity, 21CJ, p. 525, n. 34; Fire Insurance, 26CJ, p. 228, n. 93. The question of location of movable property as affecting fire insurance thereon, see annotation in 26 L. R. A. 237; 22 L. R. A. (N. S.) 848; 14 R. C. L. 956; 3 R. C. L. Supp. 320; 5 R. C. L. Supp. 789.

APPEAL from chancery court of Prentiss county.

HON. ALLEN Cox, Chancellor.

Suit by J. M. Franks against the Franklin Fire Insurance Company of Philadelphia, Pa. From a decree overruling demurrer to bill, defendant appeals. Affirmed and remanded.

*R. L. McLaurin* and *E. C. Sharp,* for appellant.

Inasmuch as the policy itself provides a form of removal permit to be filled out and signed by the agent, and the policy provides that no officer, agent or other representative of the company shall have power to waive any provisions or conditions of the policy except such as are written upon or attached to said policy, this action cannot be maintained. Appellee had notice when he accepted the policy of all conditions therein. *Bostick* v. *Mutual Life Ins. Co.,* 67 L. R. A. 705; *Mamlock* v. *Fairbanks,* 46 Wis. 415, 32 Am. Rep. 716, 1 N. W. 167; *Warner* v. *Benhamin,* 89 Wis. 290, 62 N. W. 179; *Farr* v. *Peterson,* 91 Wis. 182, 64 N. W. 863.

Had the appellee in the present case given a most casual examination to the policy as endorsed or other provisions thereof, he would have seen that it in no wise complied with the requirements of the policy and that the transfer was a nullity. See, also, *Okes* v. *Fire Ins. Co.,* 12 Pa. Co. Ct. 341; *Walker* v. *State Ins. Co.,* 46 Kan. 312, 26 Pac. 718.

The fourth ground of demurrer is that, "The cause of action stated in the bill of complaint shows a complete departure from the cause of action which was transferred from the circuit court."

At common law the court had no power to allow the plaintiff to amend by introducing an entirely new and different cause of action. In those states where there are code provisions relating to amendments the common-law rule is generally adhered to. 1 Ency. of Pl. and Pr. 547;

*Miller* v. *Northern Bank of Miss.,* 34 Miss. 412; *Gildhart* v. *Howell,* 1 How. 198.

To sustain this ground of demurrer, see *Fiser* v. *Miss. & Tenn. R. R. Co.,* 32 Miss. 359; *Vanzant & Wife* v. *Shelton,* 40 Miss. 332; *Porterfield* v. *Butler,* 47 Miss. 165; 21 R. C. L. 456; *Parker v. Board of Supv. of Grenada County,* 125 Miss. 617, 88 So. 172; Griffith's Miss. Ch. Pr., section 389; *Brooks* v. *Spann,* 63 Miss. 198.

In support of this ground of demurrer, see *Watson* v. *Owen,* 107 So. 865; *Progressive Bank of Summit* v. *McGehee,* 107 So. 876; *Jones* v. *Jones,* 41 So. 373, 88 Miss. 784; *Life Ins. Co.* v. *Bouldin,* 100 Miss. 660; *New York Life Ins. Co.* v. *Odom,* 56 So. 379; *Home Mut. Life Ins. Co.* v. *Pittman,* 111 Miss. 420, 71 So. 739.

It is also contended by appellant that the bill does not charge with sufficient accuracy that the endorsements on the back of the policy were made by an agent authorized to bind the company or that they were made prior to the fire. Neither do they show that the person making said endorsements understood the alleged agreement as set out in the bill.

The right to reform a written instrument exists in favor of the parties to such instrument when it clearly appears that a mutual mistake has been made whereby the instrument does not express the will and intent of the parties to it; but a unilateral mistake is not ground for reformation. 34 Cyc. 915; *Griffith* v. *Watkins,* 279 S. W. 489; *Union Trust Co.* v. *Boardman,* 213 N. Y. S. 277, 215 App. Div. 73.

A reversal and dismissal of this cause is warranted.

*Cunningham & Berry,* for appellee.

To refute the position of appellant that the bill now pending in chancery is at fatal variance with the pleadings in the court of law, we cite *Hardie et al.* v. *Bulger et al.,* 6 So. at 186; *Belzoni Oil Co. et al.* v. *Y. & M. V. R.*

*R. Co., et al.,* 47 So. at 468; *Delta Pine Lumber Co.* v. *Adams, Rev. Agt.,* 48 So. at 190.

Counsel for appellant endeavor to make a strong point out of their proposition that this oral agreement could not be entered into to make a proper transfer of this insurance policy to cover the transferred stock of goods in the new location in such a way as to bind the company. There is nothing at all in this contention considered in the light of *Hartford Fire Ins. Co.* v. *J. R. Buckwalter Lbr. Co.,* 77 So. 798.

We stand on the proposition that the bill in chancery makes substantially the same case that the amended declaration in law made and, in fact, that the original bill in law made.

The court having taken jurisdiction of the matter in equity for one purpose will certainly hear and consider the appellee's bill in equity for full relief. *Lafayette Co.* v. *Hall,* 70 Miss. at 678; *Hall* v. *Lafayette Co.,* 69 Miss. 529.

The chancellor's action in overruling the demurrer should be sustained.

Anderson, J., delivered the opinion of the court.

Appellee brought his bill in the chancery court of Prentiss county against appellant on a fire insurance policy, issued by the latter to the former, to recover the sum of two thousand dollars, a fire loss, suffered by appellee, of his stock of goods, wares, and merchandise, alleged to have been covered by said policy. Appellant interposed a demurrer to the bill, which was overruled by the court, and an appeal was granted appellant from that decree to settle the principles of the cause.

The following is deemed a sufficient statement of the case made by the bill and exhibits thereto:

When the insurance policy involved was issued by appellant to appellee, the latter was engaged in the mercantile business in a one-story frame building situated in the

145 Miss.—32.

northwest corner of the intersection of the Baldwyn, Booneville, and Wheeler public highways, one mile west of Wheeler, in Prentiss county. The policy of insurance was issued and went into effect on the 29th day of April, 1924, and was in effect when the fire occurred which caused the loss for which appellee sued. After the issuance of the policy of insurance, appellee moved the frame store building, in which his stock of goods was located and where he carried on his mercantile business, from the place where it was situated when the policy was issued, about three hundred feet south, and erected a brick store building on the old site. From that time until the fire, the frame building was used by appellee as a warehouse for goods not immediately needed in the conduct of his business in the new building. At the time of the fire there were goods of something like the value of three thousand dollars in the frame building. Appellee claimed fire damage to the stock therein, in the amount sued for, two thousand dollars. Appellant's defense, raised by its demurrer, in short, was that there was no liability on the insurance policy, because by its terms it only covered loss by fire of the goods in the frame building while it stood on the site where it was when the insurance policy was issued. The demurrer raised another and a minor question—that the court ought to have dismissed appellee's bill, because there was a complete departure therein from the case as originally set forth in appellee's pleading.

· Appellee first brought his action in the circuit court of Prentiss county. After much pleading on both sides, the cause was transferred by the circuit court to the chancery court of that county. In the circuit court there was an original declaration and two or three amended declarations filed by appellee. In all of these declarations, appellee sought to recover on the insurance policy involved for the fire loss of his stock of goods in the frame building. That also constituted the gravamen of his bill in the chancery court. The bill prayed that the oral agree-

ment to make the policy cover the stock of goods at its new location be specifically performed, and that appellee recover the amount of his loss under the policy. Among other provisions, the policy of insurance contained the following:

"Against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding two thousands dollars, to the following described property while located and contained as described herein, and not elsewhere, to-wit: . . . Only while contained in the one-story frame building, with shingle roof, while occupied by assured as a general store, situated on the Northwest corner of the intersection of the Baldwyn-Booneville and the Wheeler public pike, about one mile west of Wheeler, Prentiss county, Mississippi."

And the policy also contained the following provisions:

"This policy is made and accepted subject to the foregoing stipulations and conditions, and to the following stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto; and no officer, agent, or other representative of this company shall have power to waive any provisions or conditions of this policy except such as by the terms of this policy may be the subject of agreement indorsed hereon or added hereto; and as to such provisions and conditions no officer, agent, or representative shall have such power, or be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto, nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured unless so written or attached."

Appellant's position is that there can be no recovery on the policy, because appellee failed, when he moved the frame store building from its site where it was located when the policy was issued to a new site, to have appel-

lant indorse on the policy its transfer, so as to make it cover the goods at such new site, as provided in the stipulation of the policy last above quoted; in other words, that appellee cannot recover, because he failed to ask and receive, in the manner provided by the policy, appellant's consent that the policy should cover loss by fire on the goods while situated in the frame store building on its new site.

Appellee's answer to that contention is that he did all he could to have the policy cover the goods at their new location; that he applied to the insurance agency, through which the policy was issued, which was authorized to give its consent to the transfer of the policy so as to cover loss by fire on the goods at their new location, and the agency agreed to do as requested by appellee and to make the necessary notation on the policy of insurance; that such transfer was not made through the fault of such agency, and without any fault on the part of appellee; that appellee relied and acted upon the promise of such agency to make the necessary transfer of the policy in the manner provided by the policy; and that therefore, in a court of equity, he was entitled to reform the policy, so as to make it cover the goods at their new location and to have the oral agreement to that effect specifically performed, and to recover the amount of his loss under the policy.

We think, by analogy, at least, this question is settled in favor of appellee by the case of *Hartford Fire Insurance Co.* v. *Buckwalter Lumber Co.,* 116 Miss. 822, 77 So. 798. It is true that case and this are not parallel as to their facts. We think, however, the principles declared by the court in that case are controlling here. It was held in that case that an oral contract of an insurance company's general agent, who had the authority to write insurance policies, mortgage clauses, and renewals, to substitute a mortgage clause in a fire insurance policy, was valid, although agreed to by the agent orally, and not in writing; that where such an agent stated that the fire

insurance was effective as to the insured's interest, and that he (the agent) would make out the necessary mortgage clause, the insurance company was estopped to claim that the policy and mortgage clause therein were void.

According to the allegations of the bill in the present case, there was an oral agreement between the appellee and the appellant's insurance agent with authority to act in the premises; that the agent would make the necessary notation on the policy so as to make it cover the goods at their new location, as it did at the old; and that appellee acted and relied upon that oral agreement. Not having complied with the agreement, appellant, under the Buckwalter case, would be estopped in a court of law to deny it. Certainly it seems that, if estopped in a court of law to deny such an agreement, a court of equity will recognize and decree that appellant carry out and perform the agreement. It is no defense for appellant that the stipulation in the policy requires that all such agreements be noted on the policy or attached thereto in writing, because, under the allegations of the bill, it was not the fault of the appellee, but the fault of the appellant, that that stipulation was not complied with.

Appellant contends that the case set up in the appellee's bill is a complete departure from appellee's cause of action, which was transferred from the circuit to the chancery court, and for that reason appellant's demurrer to the bill should have been sustained, and the bill dismissed. Appellant invokes the well-established doctrine that a complainant will not be allowed to amend his bill, so as to make out an entirely new and different cause of action from that contained in the pleading sought to be amended. Cases in this state and other jurisdictions are cited to support that principle. It is unquestionably a sound rule, but we do not think it has any application to the facts of this case, as stated in the appellee's bill.

In the bill, as well as in the original declaration, filed in the circuit court, and also in the amended declarations

filed in that court, appellee sought to recover on a certain insurance policy issued to him by appellant covering fire loss of his stock of goods in his frame store building, and that was the gravamen of appellee's cause of action, running through all of his pleadings. It is true, in the various declarations and in the bill filed by him, there was a variance in the allegations as to some of the essential facts; but that did not amount to a departure in the sense of the rule invoked by appellant. A different state of facts from those averred in the original bill may be set up by way of amendment, if the character of the relief sought remains the same; and this is true, notwithstanding the averments of the amended bill are inconsistent with those of the original bill, provided they are not inconsistent with its purpose and the relief originally sought. *Hardie* v. *Bulger*, 66 Miss. 577, 6 So. 186. We think the case made by appellee's bill comes within that principle.

We do not think there is any merit in the other questions argued on behalf of appellant.

*Affirmed and remanded.*